## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Hon. John Michael Vazquez |
| | : |
| Plaintiff, | : Civil Action No. 16-05903 (JMV) |
| | : |
| | : |
| v. | : APPLICATION FOR |
| | : RESTRAINING ORDER PURSUANT |
| | : TO 18 U.S.C. § 983(j)(1)(A) |
| | : |

1. ALL FUNDS IN THE ACCOUNTS OF
   BLUE SEA BUSINESS CO., LTD.,
   FANWELL, LTD., FULLY MAX TRADING,
   LTD., DANDONG HONGXIANG
   INDUSTRIAL DEVELOPMENT CO.,
   LTD., AND SUCCESS TARGET GROUP,
   LTD. AT CHINA MERCHANTS BANK,
   ACCOUNT NUMBER
   XXXXXXXXXXX632-601,
   XXXXXXXXXXXXX2-108,
   XXXXXXXXXXXX032-601,
   XXXXXXXXX5-001,
   XXXXXXXXXXXXXX2-105 OR ANY
   PROPERTY TRACEABLE THERETO;

2. ALL FUNDS IN DANDONG HONGXIANG
   INDUSTRIAL DEVELOPMENT CO.,
   LTD.'S ACCOUNTS AT AGRICULTURAL
   BANK OF CHINA, IN ACCOUNT
   NUMBER XXXXXXXXXXXX0-127,
   XXXXXXXXXXXX0-050, OR ANY
   PROPERTY TRACEABLE THERETO;

3. ALL FUNDS IN CARBUNCLE BUSINESS
   CO., LTD.'S ACCOUNTS AT SHANGHAI
   PUDONG DEVELOPMENT BANK,
   ACCOUNT NUMBER
   XXXXXXXXXXXXX1-191, OR ANY
   PROPERTY TRACEABLE THERETO;

4. ALL FUNDS IN DANDONG HONGXIANG

INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT BANK OF COMMUNICATIONS CO. OF CHINA, ACCOUNT NUMBER XXXXXXXXXXXXXXXX4-881, OR ANY PROPERTY TRACEABLE THERETO;

5. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT BANK OF DANDONG, ACCOUNT NUMBER XXXXXXXXXXX0-557, XXXXXXXXXXX0-573, XXXXXXXXXX5-555, XXXXXXXXXX7-777, OR ANY PROPERTY TRACEABLE THERETO;

6. ALL FUNDS IN DANGDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT CHINA CONSTRUCTION BANK, ACCOUNT NUMBER XXXXXXXXXXXXXXX0186, XXXXXXXXXXXXXXX0267, OR ANY PROPERTY TRACEABLE THERETO;

7. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT GUANGDONG DEVELOPMENT BANK, ACCOUNT NUMBER XXXXXXXXXXXXX0158, OR ANY PROPERTY TRACEABLE THERETO;

8. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT INDUSTRIAL AND COMMERCIAL BANK OF CHINA, ACCOUNT NUMBER XXXXXXXXXXXXXX9-105, OR ANY PROPERTY TRACEABLE THERETO;

9. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT BANK OF

DALIAN, ACCOUNT NUMBER XXXXXXXXXX2005; OR ANY PROPERTY TRACEABLE THERETO;

10. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT BANK OF JINZHOU, ACCOUNT NUMBER XXXXXXXXXX5252, XXXXXXXXXX3790, XXXXXXXXXX9334, XXXXXXXXXX9666, OR ANY PROPERTY TRACEABLE THERETO;

11. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT HUA XIA BANK, ACCOUNT NUMBER XXXXXXXXXXXX4470, XXXXXXXXXXXX9901, OR ANY PROPERTY TRACEABLE THERETO; AND

12. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT CHINA MINSHENG BANKING CORPORATION, ACCOUNT NUMBER XXXXX0828, OR ANY PROPERTY TRACEABLE THERETO.
:
Defendants in rem.        :
_____:

## APPLICATION FOR A RESTRAINING ORDER

The United States of America, through its counsel, hereby moves for

a restraining order to secure, maintain, and preserve the availability for

forfeiture of the property described below:

a. All funds in the accounts of Blue Sea Business Co., Ltd., Fanwell, Ltd., Fully Max Trading, Ltd., Dandong Hongxiang Industrial Development Co., Ltd., and Success Target Group,

Ltd. at China Merchants Bank, account number XXXXXXXXXXXX032-601, XXXXXXXXXXXXXX2-108, XXXXXXXXXXXX632-601, XXXXXXXXX5-001, XXXXXXXXXXXXXX2-105, or any property traceable thereto;

b. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Agricultural Bank of China, in account number XXXXXXXXXXXX0-127, XXXXXXXXXXXXX0-050, or any property traceable thereto;

c. All funds in Carbuncle Business Co., Ltd.'s accounts at Shanghai Pudong Development Bank, account number XXXXXXXXXXXXXX1-191, or any property traceable thereto;

d. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Bank of Communications Co. of China, account number XXXXXXXXXXXXXXXXX4-881, or any property traceable thereto;

e. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Bank of Dandong, account number XXXXXXXXXXX0-557, XXXXXXXXXXX0-573, XXXXXXXXXXX5-555, XXXXXXXXXX7-777, or any property traceable thereto;

f. All funds in Dangdong Hongxiang Industrial Development Co., Ltd.'s accounts at China Construction Bank, account number XXXXXXXXXXXXXXXXX0186, XXXXXXXXXXXXXXXX0267, or any property traceable thereto;

g. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Guangdong Development Bank, account number XXXXXXXXXXXXXX0158, or any property traceable thereto;

h. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Industrial and Commercial Bank of China, account number XXXXXXXXXXXXXXX9-105, or any property traceable thereto;

i. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Bank of Dalian, account number XXXXXXXXXXX2005, or any property traceable thereto;

-4-

    j.   All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Bank of Jinzhou, account number XXXXXXXXXXX5252, XXXXXXXXXXX3790, XXXXXXXXXXX9334, XXXXXXXXXXX9666, or any property traceable thereto;

    k.   All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Hua Xia Bank, account number XXXXXXXXXXXXX4470, XXXXXXXXXXXX9901, or any property traceable thereto; and

    l.   All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at China Minsheng Banking Corporation, account number XXXXX0828, or any property traceable thereto (the "Defendant Property").

On September 26, 2016, the United States commenced this civil action seeking forfeiture of the Defendant Property pursuant to 18 U.S.C. § 981(a)(1)(A), on the grounds that it is property involved in a money laundering conspiracy, in violation of 18 U.S.C. § 1956.  The verified complaint (the "Complaint") is attached hereto as <u>Exhibit A</u> and is fully incorporated herein by reference.

While applications for restraining orders pursuant to 18 U.S.C. § 983(j)(1)(A) are typically filed ex parte and under seal in order to prevent the dissipation of assets sought to be restrained, the United States has filed the instant application for a restraining order, along with the proposed restraining order, publicly due to the particular circumstances of this case. The United States publicly filed the civil forfeiture complaint attached as Exhibit A at the same time that criminal charges against the owners of the property subject to

the proposed restraining order the were unsealed.  As a result, the United

States' intention to seek forfeiture of the assets subject to the previously filed

civil forfeiture complaint has already been made public.

### The Civil Forfeiture Complaint

The Complaint concerns a conspiracy to evade United States

economic sanctions by a Dandong, China-based trading company Dandong

Hongxiang Industrial Development Co., Ltd., ("DHID") and several of its front

companies.  As alleged in the Complaint, DHID facilitated monetary

transactions in U.S. dollars that transacted through the United States on behalf

of at least one sanctioned entity in the Democratic People's Republic of Korea

("DPRK" or "North Korea").  After evading U.S. sanctions on its transactions on

behalf of sanctioned North Korean entities, the Complaint alleges that DHID

laundered the proceeds of that criminal conduct through U.S. financial

institutions.

The Complaint alleges that DHID conspired to create or acquire

numerous front companies that were used to conduct financial transactions

designed to evade U.S. sanctions related to certain North Korean entities.

Specifically, the front companies facilitated transactions funded by and/or

guaranteed by Korea Kwangson Banking Corporation ("KKBC").

On April 13, 2009, the U.S. Department of the Treasury

promulgated the Weapons of Mass Destruction Proliferators Sanctions

Regulations, 31 C.F.R. § 544, et seq., (the "WMDPSR"), which blocked, as a

-6-

function of law, any property and interests of property, belonging to sanctioned individuals and entities ("Specially Designated Nationals" or "SDNs"), who were placed on OFAC's Specially Designated Nationals and Blocked Persons List (the "SDN list"), *see* 31 C.F.R. § 544.201(a).  The terms "property" and "property interests" include but are not limited to money, bank deposits, guarantees, and other financial instruments, *see* 31 C.F.R. § 544.308.  On August 11, 2009, the United States Department of Treasury's Office of Foreign Assets Control ("OFAC") designated KKBC pursuant to E.O. 13382 as an SDN in connection with the proliferation of weapons of mass destruction, thereby subjecting KKBC to the prohibitions contained in the WMDPSR at 31 C.F.R. Part 544, Subpart B.

The Complaint alleges that, despite OFAC's designation of KKBC as an SDN, DHID began making remittances to effect U.S. dollar transactions for the sale or purchase of goods by North Korean entities on behalf of KKBC.  To that end, DHID and its front companies would sometimes manage commodity contracts where payment was made in U.S. dollars that were in fact guaranteed by SDN KKBC for North Korea-based entities, but were prohibited by OFAC regulations.  At other times, DHID and its front companies served as financial intermediaries for U.S.-dollar transactions between North Korean-based entities and suppliers in other countries in order to evade U.S. sanctions.  DHID effected transactions on KKBC's behalf in U.S. dollars that cleared through correspondent accounts at U.S.-based financial institutions without an OFAC

license.   Such transactions violated U.S. sanctions, pursuant to IEEPA, and money laundering laws.

The Defendant Property consists of bank accounts controlled by DHID and/or its front companies that either received proceeds of the IEEPA violations DHID facilitated, or funded DHID and its front companies.

The Complaint alleges that the Defendant Property is therefore forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in money laundering and a conspiracy to commit money laundering.

## **Discussion**

The United States submits this application for a restraining order, pursuant to 18 U.S.C. § 983(j)(1), to preserve the availability of the Defendant Property for civil forfeiture.

**A.    Law**

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (2000), provides broad powers for district courts to issue orders to preserve property for forfeiture.  Section 983(j)(1)(A) of Title 18, United States Code, authorizes courts to issue restraining orders after the filing of a civil forfeiture complaint.  It states:

> (j)(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture–

> (A) upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture.

18 U.S.C. § 983(j)(1)(A).[1]  Section 983(j)(1)(A) closely tracks the language in its

criminal analogue, 21 U.S.C. § 853(e)(1)(A), which governs post-indictment

restraining orders in criminal forfeiture cases.[2]  Courts impose restraining

---

[1]    Section 983(j) imposes additional requirements that must be met when a restraining order is entered *before* the filing of a complaint.  Under Section 983(j)(1)(B), if a civil complaint has not been filed, a court may issue an order to protect property only:

> if, after notice to persons appearing to have an interest in the property and opportunity for a hearing, the court determines that-- (i) there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and

> (ii) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered.

18 U.S.C. § 983(j)(1)(B).

[2]    21 U.S.C. § 853(e)(1)(A) provides:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section--

> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the

orders pursuant to 21 U.S.C. § 853(e) to ensure that the forfeiture penalties mandated by federal laws, such as narcotics, money laundering, and bank fraud statutes, will not be frustrated by dissipation of a defendant's assets. *See, e.g.*, *United States v. Regan*, 858 F.2d 115, 119-21 (2d Cir. 1988).

**B.    The Proposed Restraining Order**

Here, the Government requests a restraining order that imposes limited measures designed to preserve the availability of the Defendant Property for forfeiture.

The proposed Restraining Order (attached hereto as Exhibit B) contains the following prohibition:

> All persons and entities having actual knowledge of this Restraining Order shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of, the [Defendant Property].

The proposed prohibition is reasonable in that it seeks to restrain only assets that the Government would be entitled to upon the entry of a judgment of forfeiture. Upon issuance of this Restraining Order and pursuant to the Agreement between the Government of the United States of America and the Government of the People's Republic of China on Mutual Legal Assistance in

---

property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

-10-

Criminal Matters, which entered into force on March 8, 2001 (the "Agreement"), the United States will submit a copy of this verified complaint and Restraining Order to China to request restraint of any remaining defendant property and concurrent restraint of the defendant property which Chinese authorities have already purportedly restrained, pending conclusion of the civil forfeiture matter.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court enter the proposed Restraining Order.

Dated:   Newark, New Jersey
         September 26, 2016

PAUL J. FISHMAN
UNITED STATES ATTORNEY


*s/Sarah Devlin*
By:  SARAH DEVLIN
Assistant United States
Attorney

BARBARA A. WARD
Assistant United States Attorney