UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Hon. John Michael Vazquez |
| | : |
| Plaintiff, | : Civil Action No. 16-05903 (JMV) |
| | : |
| v. | : RESTRAINING ORDER PURSUANT |
| | : TO 18 U.S.C. § 983(j)(1)(A) |
| | : |

1. ALL FUNDS IN THE ACCOUNTS OF BLUE SEA BUSINESS CO., LTD., FANWELL, LTD., FULLY MAX TRADING, LTD., DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD., AND SUCCESS TARGET GROUP, LTD. AT CHINA MERCHANTS BANK, ACCOUNT NUMBER XXXXXXXXXXXX632-601, XXXXXXXXXXXXX2-108, XXXXXXXXXXXX032-601, XXXXXXXXX5-001, XXXXXXXXXXXXX2-105 OR ANY PROPERTY TRACEABLE THERETO;

2. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT AGRICULTURAL BANK OF CHINA, IN ACCOUNT NUMBER XXXXXXXXXXXX0-127, XXXXXXXXXXXX0-050, OR ANY PROPERTY TRACEABLE THERETO;

3. ALL FUNDS IN CARBUNCLE BUSINESS CO., LTD.'S ACCOUNTS AT SHANGHAI PUDONG DEVELOPMENT BANK, ACCOUNT NUMBER XXXXXXXXXXXXX1-191, OR ANY PROPERTY TRACEABLE THERETO;

4. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S

ACCOUNTS AT BANK OF COMMUNICATIONS CO. OF CHINA, ACCOUNT NUMBER XXXXXXXXXXXXXXXX4-881, OR ANY PROPERTY TRACEABLE THERETO;

5. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT BANK OF DANDONG, ACCOUNT NUMBER XXXXXXXXXXX0-557, XXXXXXXXXXX0-573, XXXXXXXXXX5-555, XXXXXXXXXX7-777, OR ANY PROPERTY TRACEABLE THERETO;

6. ALL FUNDS IN DANGDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT CHINA CONSTRUCTION BANK, ACCOUNT NUMBER XXXXXXXXXXXXXXXX0186, XXXXXXXXXXXXXXX0267, OR ANY PROPERTY TRACEABLE THERETO;

7. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT GUANGDONG DEVELOPMENT BANK, ACCOUNT NUMBER XXXXXXXXXXXXXX0158, OR ANY PROPERTY TRACEABLE THERETO;

8. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT INDUSTRIAL AND COMMERCIAL BANK OF CHINA, ACCOUNT NUMBER XXXXXXXXXXXXXX9-105, OR ANY PROPERTY TRACEABLE THERETO;

9. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO.,

LTD.'S ACCOUNTS AT BANK OF DALIAN, ACCOUNT NUMBER XXXXXXXXXX2005; OR ANY PROPERTY TRACEABLE THERETO;

10. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT BANK OF JINZHOU, ACCOUNT NUMBER XXXXXXXXXX5252, XXXXXXXXXX3790, XXXXXXXXXX9334, XXXXXXXXXX9666, OR ANY PROPERTY TRACEABLE THERETO;

11. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT HUA XIA BANK, ACCOUNT NUMBER XXXXXXXXXXXX4470, XXXXXXXXXXXX9901, OR ANY PROPERTY TRACEABLE THERETO; AND

12. ALL FUNDS IN DANDONG HONGXIANG INDUSTRIAL DEVELOPMENT CO., LTD.'S ACCOUNTS AT CHINA MINSHENG BANKING CORPORATION, ACCOUNT NUMBER XXXXX0828, OR ANY PROPERTY TRACEABLE THERETO.

Defendants in rem.

## RESTRAINING ORDER

WHEREAS, on September 26, 2016, the United States commenced this action, upon the filing of a verified complaint (the "Complaint"), seeking forfeiture of the above-captioned properties (the "Defendant Property");

3

WHEREAS, the Complaint alleges a conspiracy to evade United States economic sanctions by a Dandong, China-based trading company Dandong Hongxiang Industrial Development Co., Ltd., ("DHID") and several of its front companies; that DHID facilitated monetary transactions in U.S. dollars that transacted through the United States on behalf of at least one sanctioned entity in the Democratic People's Republic of Korea ("DPRK" or "North Korea"); that DHID conspired to create or acquire numerous front companies that were used to conduct financial transactions designed to evade U.S. sanctions related to certain North Korean entities; and that DHID's front companies facilitated transactions funded by and/or guaranteed by Korea Kwangson Banking Corporation ("KKBC"), an entity designated by OFAC as a Specially Designated National pursuant to Executive Order 13382;

WHEREAS, the Defendant Property consists of bank accounts controlled by DHID and/or its front companies that either received proceeds of the International Emergency Economic Powers Act ("IEEPA") violations DHID facilitated, or funded DHID and its front companies;

WHEREAS, the Complaint alleges that DHID has been facilitating commercial transactions on behalf of KKBC in violation of executive orders issued pursuant to regulations promulgated under IEEPA and regulations issued by the United States Department of Treasury, Office of Foreign Assets Control ("OFAC"), and that the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a money laundering conspiracy, in violation of 18 U.S.C. § 1956;

WHEREAS, the United States has applied for a restraining order to preserve the availability of the Defendant Property for civil forfeiture;

Upon the application of PAUL FISHMAN, United States Attorney for the District of New Jersey, pursuant to Title 21, United States Code, Section 853(e)(1)(A), and all papers submitted in support thereof,

IT IS HEREBY ORDERED that:

All persons and entities having actual knowledge of this Restraining Order shall not take any action prohibited by this Order;

IT IS HEREBY FURTHER ORDERED that all persons and entities having actual knowledge of this Restraining Order shall not directly or indirectly, transfer, sell, assign, pledge, distribute, hypothecate, encumber, attach or dispose of in any manner; cause to be transferred, sold, assigned, pledged, distributed, hypothecated, encumbered, attached or disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the following properties:

   1. All funds in the accounts of Blue
   Sea Business Co., Ltd., Fanwell,
   Ltd., Fully Max Trading, Ltd.,
   Dandong Hongxiang Industrial
   Development Co., Ltd., and Success
   Target Group, Ltd. at China
   Merchants Bank, account number
   XXXXXXXXXXXX632-601,
   XXXXXXXXXXXXXX2-108,
   XXXXXXXXXXXX032-601,
   XXXXXXXXX5-001,
   XXXXXXXXXXXXXX2-105 or any
   property traceable thereto;

5

2. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Agricultural Bank of China, in account number XXXXXXXXXXXXX0-127, XXXXXXXXXXXXX0-050, or any property traceable thereto;

3. All funds in Carbuncle Business Co., Ltd.'s accounts at Shanghai Pudong Development Bank, account number XXXXXXXXXXXXX1-191, or any property traceable thereto;

4. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Bank of Communications Co. of China, account number XXXXXXXXXXXXXXXXX4-881, or any property traceable thereto;

5. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Bank of Dandong, account number XXXXXXXXXXX0-557, XXXXXXXXXXX0-573, XXXXXXXXXX5-555, XXXXXXXXXX7-777, or any property traceable thereto;

6. All funds in Dangdong Hongxiang Industrial Development Co., Ltd.'s accounts at China Construction Bank, account number XXXXXXXXXXXXXXXX0186, XXXXXXXXXXXXXXXX0267, or any property traceable thereto;

7. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Guangdong

6

Development Bank, account number XXXXXXXXXXXXX0158, or any property traceable thereto;

8. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Industrial and Commercial Bank of China, account number XXXXXXXXXXXXXX9-105, or any property traceable thereto;

9. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Bank of Dalian, account number XXXXXXXXXX2005; or any property traceable thereto;

10. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Bank of Jinzhou, account number XXXXXXXXXXX5252, XXXXXXXXXXX3790, XXXXXXXXXXX9334, XXXXXXXXXXX9666, or any property traceable thereto;

11. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at Hua Xia Bank, account number XXXXXXXXXXXXX4470, XXXXXXXXXXXX9901, or any property traceable thereto; and

12. All funds in Dandong Hongxiang Industrial Development Co., Ltd.'s accounts at China Minsheng Banking Corporation, account number XXXXX0828, or any property traceable thereto.

(the Defendant Property);

Therefore, pursuant to 18 U.S.C. § 983(j)(1)(A), the Court grants the application made by the United States of America for a restraining order for the Defendant Property identified above, and ORDERS said property be restrained, secured, maintained, and preserved by the named financial institutions until further Order of this Court.

IT IS HEREBY FURTHER ORDERED that this Restraining Order shall be binding upon all persons and entities having actual knowledge of this order; ~~all~~ and all financial and other institutions described herein.

Dated: Newark, New Jersey
September 29, 2016

SO ORDERED:

HONORABLE JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE